UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 26-mj-09 (PJS/DLM)


UNITED STATES OF AMERICA,

      Plaintiff(s)

v.

ALEX ROMEO VENEGAS CRUZ,

      Defendant(s)

**MOTION TO SUPPRESS –
WARRANTLESS VEHICLE
SEARCH  OF JANUARY 7, 2026**


Alex Cruz, by and through counsel Bruce D. Nestor of De León & Nestor, LLC, states as follows in support of his Motion to Suppress Evidence:

1. This Motion is made on authority of the Fourth, Fifth and Sixth Amendments to the Constitution of the United States and defendant's rights under the Federal Rules of Criminal Procedure.

2. On January 7, 2026, Mr. Cruz was the subject of a show of force by federal agents while initiating a traffic stop which constituted a seizure of Mr. Cruz and his vehicle. The federal agents lacked legal authority to seize Mr. Cruz on the basis of alleged traffic violations observed by the agents. Mr. Cruz's other statements and conduct prior to the traffic stop were protected activity under the First Amendment. Federal agents lacked reasonable articulable suspicion, and/or probable cause, that Mr. Cruz had committed a criminal offense giving rise to cause for federal agents to perform an investigative stop or to arrest Mr. Cruz.

1

3. All evidence subsequent to this initial display of force and traffic stop, related to the conduct and reaction of Mr. Cruz, should be suppressed because it resulted directly from the Fourth Amendment violation committed by federal agents in initiating the traffic stop.

4. Subsequent to the initial traffic stop, Mr. Cruz was stopped a second time. Mr. Cruz was removed from his vehicle, handcuffed, and then placed under custodial arrest by federal agents. Federal agents then proceeded to conduct a warrantless search of Mr. Cruz's vehicle.

5. Searches conducted outside the judicial process, without prior approval by a judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions. *Arizona v. Gant*, 556 U.S. 332, 338 (2009). The burden is on the Government to establish a legal justification for a warrantless search. *United States v. Matlock*, 415 U.S. 164, 174 (1970).

6. Federal agents did not have probable cause to believe that contraband or evidence of criminal activity would be located in Mr. Cruz's vehicle. Absent probable cause, the "automobile exception" to the warrant requirement of the 4th Amendment does not apply.

7. Federal agents did not have probable cause to believe that items of evidentiary value related to the offense of arrest for Mr. Cruz would be located in the vehicle. Further, Mr. Cruz had been removed from the vehicle, was securely restrained by

law enforcement prior to the search of his vehicle, and his vehicle was safely within the exclusive custody and control of the police at the time of the search. Under such circumstances, the "search incident to arrest" exception to the warrant requirement of the 4th Amendment does not apply.

8. This motion is based on the indictment, records and files in the above-entitled action and any and all other matters which may be presented prior to or at the time of the hearing of said motion.

WHEREFORE, Mr. Cruz asks that this matter be set for an evidentiary hearing where the burden will be on the Government to present evidence to justify the warrantless search of Mr. Cruz's vehicle. Upon hearing, Mr. Cruz requests that the Court order all physical evidence obtained as a result of the search of Mr. Cruz's vehicle on January 7, 2026, be suppressed.

Date: <u>March 23, 2026</u>                                  <u>        S/BRUCE D. NESTOR        </u>
Bruce D. Nestor, 0318024 – MN
DE LEÓN & NESTOR, LLC
3547 Cedar Avenue South
Minneapolis, MN  55407
(612) 659-9019
(612) 436-3664 – Facsimile
nestor@denestlaw.com